## Harriet Gilmore, Appellee, v. Sylvester Killion et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

### Statement of the Case.

Action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609, by Harriet Gilmore, plaintiff, against Sylvester Killion and others, defendants, to recover for loss of support due to the killing of Mannie Gilmore, a son of plaintiff, by one Charles Debow, an intoxicated person, in defendant Killion's saloon, said Debow having been given intoxicating liquor by defendants. From a judgment for plaintiff for $660, defendants appeal.

W. H. NELMS, F. P. DRENNAN and NOLEMAN & SMITH, for appellants.

ULYSSES S. SCHWARTZ and CHARLES F. DEW, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 187*—*right of mother to maintain action under Dramshop Act for loss of support due to death of son.* In an action brought under the Dramshop Act by a mother against saloon keepers for the death of her adult son, where it was alleged that the deceased contributed to the support of the plaintiff, and defendants contended that before plaintiff could recover it was incumbent on her to show that she had a legal right to be supported by her son, *held* that plaintiff was entitled to maintain the action.

2. INTOXICATING LIQUORS, § 261*—*when instruction on exemplary damages in action under Dramshop Act is not reversibly erroneous.* Where, in an action against saloon keepers under the Dramshop Act, the giving of an instruction authorizing the awarding of exemplary damages was complained of on the ground that it failed to give any rule or guide for the fixing of such damages, *held* that the objection was well founded, but as the damages were small, and clearly within the actual damage sustained, the giving of the instruction was not prejudicial and therefore did not constitute reversible error.

3. INSTRUCTIONS, § 84*—*when instruction on evidence as basis for finding is not erroneous.* An instruction requiring the jury to base its finding on the evidence, *held* not improper where in other given instructions the jury were required to base their finding on a preponderance of the evidence.

4. INSTRUCTIONS, § 151*—*when refusal of requested instruction is not error.* The refusal of an instruction containing a correct statement of the law is not error where all elements contained in such instruction are fully covered by other given instructions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.